UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAREN PORTER MUSE, ET AL. | CIVIL ACTION |
| VERSUS | NO. 17-10586 |
| NATIONAL FLOOD INSURANCE PROGRAM, ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

Before the Court is a motion by plaintiffs, Karen and Matthew Muse, to review and reverse the ruling by Magistrate Judge Daniel E. Knowles, III denying their motion for leave to file an amended complaint.[1] Because plaintiffs' proposed amendments are futile, the Court denies the motion and affirms the Magistrate Judge's decision.

### I. BACKGROUND

This action arises out of a dispute regarding a flood insurance policy issued by the Federal Emergency Management Agency (FEMA) under the National Flood Insurance Program (NFIP).[2] In August 2016, plaintiffs' property in Tickfaw, Louisiana was allegedly damaged in a flood.[3] At the

---

[1]  R. Doc. 36.
[2]  R. Doc. 1 at 2 ¶ 2.
[3]  *Id.* at 4 ¶ 11.

time of the flood, plaintiffs held a standard flood insurance policy (SFIP), provided through the NFIP and administered by FEMA.[4] Plaintiffs timely reported their losses to FEMA, seeking to recover under the policy.[5] FEMA sent an adjuster to plaintiffs' property to assess the loss amount.[6] The adjuster prepared a damage estimate and proof of loss, which plaintiffs signed, although they allege that FEMA did not comply with the provisions of the policy.[7] Plaintiffs allege that, several months later, they became dissatisfied with the adjuster's proof of loss and FEMA's payments. Plaintiffs then retained an independent adjuster to evaluate their losses.[8] The independent adjuster prepared a second proof of loss, which plaintiffs submitted to FEMA on October 6, 2017.[9]

On October 12, 2017, before FEMA had responded to plaintiffs' second proof of loss, plaintiffs initiated this action against (1) FEMA, (2) the National Flood Insurance Program (NFIP), (3) W. Brock Long, in his official capacity as administrator of the Federal Emergency Management Agency (FEMA), and (4) Elaine Duke, in her official capacity as secretary of the

---

[4]  *Id.* ¶ 14.
[5]  *Id.* at 5 ¶ 17.
[6]  *Id.* ¶ 18.
[7]  *Id.* ¶¶ 18-19.
[8]  *Id.* at ¶ 21.
[9]  *Id.* at 6 ¶ 23; R. Doc. 35 at 1.

Department of Homeland Security, claiming breach of contract.[10] On June 4, 2018, plaintiffs voluntarily dismissed defendants NFIP and Elaine Duke.[11] On July 20, 2018, plaintiffs filed a motion for leave to file an amended complaint.[12] Plaintiffs sought to add claims under the Administrative Procedure Act (APA) and the Mandamus and Venue Act.[13]

On August 30, 2018, Magistrate Judge Daniel E. Knowles, III denied plaintiffs' motion for leave to amend.[14] He held that plaintiffs' amendments were futile because plaintiffs could not pursue claims against FEMA under the APA or in a mandamus action.[15] Plaintiffs have filed a motion for review of the Magistrate Judge's order.[16] FEMA opposes the motion.[17]

## II. LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive civil motion may be appealed to the district court. Fed. R. Civ. P. 72(a). When a timely objection is raised, the district judge must review the magistrate judge's ruling and

---

[10] *See* R. Doc. 1.
[11] R. Doc. 21.
[12] R. Doc. 25.
[13] *See* R. Doc 25-3.
[14] R. Doc. 35.
[15] *Id.* at 7-12.
[16] R. Doc. 36.
[17] R. Doc. 42.

"modify or set aside any part of the order that is clearly erroneous or contrary to law." *Id.* The court reviews the magistrate judge's "'factual findings under a clearly erroneous standard,' while 'legal conclusions are reviewed *de novo*.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993)). A factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016); *Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) ("For questions of law there is no practical difference between review under Rule 72(a)'s contrary to law standard and a de novo standard." (internal quotations and modifications omitted)).

### III. DISCUSSION

Because plaintiffs moved to amend the complaint before the Court's deadline for submitting amended pleadings in its scheduling order, their motion to amend is governed by Federal Rule of Civil Procedure 15(a). *See*

4

*S&W Enter., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 15(a), the Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). A party requesting amendment must "set forth with particularity the grounds for the amendment and the relief sought." *United States, ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003) (quoting *United States, ex rel Willard v. Humana Health Plan of Tex., Inc.*, 335 F.3d 375, 386-87 (5th Cir. 2003)). The Court considers multiple factors before granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

The Court finds no error of law or fact in the Magistrate Judge's denial of leave to amend under Rule 15(a), because plaintiffs' proposed amendments would be futile. The APA and mandamus claims that plaintiffs

seek to add have no merit, because plaintiffs did not exhaust their claim against FEMA before filing this lawsuit. The only avenue for plaintiffs to pursue a flood insurance claim against FEMA is via the National Flood Insurance Act (NFIA). The NFIA allows plaintiffs to file an action only "upon the disallowance by the Administrator . . . or upon the refusal of the claimant to accept the amount allowed." 42 U.S.C. § 4072. Plaintiffs do not dispute that they (1) did not refuse FEMA's payments under the first proof of loss, or (2) that they did not receive a denial of their second proof of loss.[18] They therefore have no right to bring a claim under the NFIA. *See Wiedemann v. Harleysville Mut. Ins.*, No. 06-4723, 2006 WL 3462926, at *1 (E.D. La. Nov. 28, 2006); *Carmouche v. Nat'l Flood Ins. Program*, No. 17-11479, 2018 WL 5279121, at *3 (E.D. La. Oct. 24, 2018).

Plaintiffs' failure to exhaust their claim prohibits them from bringing an action against FEMA under the APA. The APA gives federal courts the power to review final agency action and to compel agency action that is unreasonably delayed. *See* 5 U.S.C. §§ 704, 706. But the APA explicitly states that it does not "affect[] other limitations on judicial review" or "confer[] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." *Id.* § 702; *see also*

---

[18] R. Doc. 35 at 1; R. Doc. 36-1 at 2-3.

*Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (noting that Congress did not intend the APA to "duplicate the . . . established special statutory procedures relating to" review of agency action). Plaintiffs cannot bring their claim under the APA, because the NFIA explicitly provides a process by which an insured may dispute a determination made by FEMA, and plaintiffs have failed to adhere to this process. The APA does authorize plaintiffs to pursue a claim that the NFIA disallows. *Carmouche*, 2018 WL 5279121, at *5 (denying leave to amend a complaint to add a claim under the APA when plaintiff had not exhausted her claim under the NFIA).

Plaintiffs cannot pursue their claim under the Mandamus and Venue act either. Federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. But mandamus is an "extraordinary remedy which should be utilized only in the clearest and most compelling of cases." *Winningham v. U.S. Dep't of Hous. & Urban Dev.*, 512 F.2d 617, 620 (5th Cir. 1975) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)). It is intended to provide relief to a plaintiff "only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). A plaintiff is entitled to mandamus

relief only when the plaintiff can show (1) a clear right to relief; (2) that the defendant has a clear duty to act; and (3) that no other remedy is available. *Newsome*, 301 F.3d at 231.

The Magistrate Judge correctly determined that plaintiffs have not shown a clear right to relief under the first prong, because they failed to exhaust their claim.[19] Plaintiffs only have a right to relief under the NFIA once they have received a denial of their proof of loss. The Magistrate Judge also correctly determined another adequate remedy is available to plaintiffs.[20] Plaintiffs failure to pursue their remedies properly under the NFIA does not mean that these potential remedies do not exist. Plaintiffs have therefore shown no justifiable basis to grant mandamus relief. *Carmouche*, No. 17-11479, 2018 WL 5279121, at *5 (denying leave to amend a complaint to add a mandamus claim when plaintiff had not exhausted her claim under the NFIA). None of plaintiffs' arguments challenge the Magistrate Judge's determinations that they have no right to relief without exhausting their claims, or that the NFIA provides an adequate remedy for their claim. Given that plaintiffs have failed to make these showings, their mandamus claim must fail.

---

[19]

[20] *See* R. Doc. 35 at 11-12.

Plaintiffs argue that the Magistrate Judge incorrectly determined that their claim cannot be adjusted while plaintiffs' case is pending.[21] This argument is similarly unavailing. The NFIA allows plaintiffs to file an action only after they have received a disallowance of their claim. *See* 42 U.S.C. § 4072. Even if FEMA had issued a denial of plaintiffs' second proof of loss after they filed this action, the denial would not remedy plaintiffs' failure to exhaust, because the statute requires that plaintiffs file their claim *after* receiving a disallowance. *Id.* The Court therefore sees no error in the Magistrate Judge's determination.

Because plaintiffs' claims under the APA and Mandamus Act have no merit, the Magistrate Judge correctly determined that their proposed amendments to their complaint are futile.

---

[21] R. Doc. 36-1 at 2.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is DENIED. The Magistrate Judge's order denying plaintiffs leave to amend the complaint is AFIRMED.

New Orleans, Louisiana, this __28th__ day of February, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE